HENRY F. CARPENTER, CLAUDE K. PASSMORE AND WIFE, HENRI-
ETTA C. PASSMORE v. NEWBY ROGER SMITH AND FRANK L.
SANFORD III, TRADING AS WEATHER CONTROL PRODUCTS

No. 7022SC332

(Filed 5 August 1970)

1. **Mortgages and Deeds of Trust § 7— deed of trust to secure note for
   payment of contract price — damages for breach of contract — declara-
   tion of lien by court**

   The trial court erred in declaring that a deed of trust on plaintiffs'
   home, given to secure a note for payment of the amount of a contract
   for the installation of electric heat in the home, was a valid lien to
   the extent of judgment rendered against plaintiffs for breach of the
   contract, since the deed of trust did not provide and was not intended
   to provide security for damages for breach of the contract.

2. **Mortgages and Deeds of Trust § 18— deed of trust declared to
   constitute lien for judgment — payment of judgment — cancellation —
   advertising expense**

   Where provision entered in a judgment at defendants' request
   declared that a deed of trust on plaintiffs' home, given to secure a
   note for payment of the amount of a contract for installation of electric
   heat, was a valid lien to the extent of a judgment rendered against
   plaintiffs in favor of defendants for breach of the contract, the deed
   of trust was properly cancelled as provided by the judgment when the
   amount of the judgment was paid, notwithstanding defendants had
   incurred additional expense in advertising the property for sale prior
   to the time the judgment was paid, the laws generally governing the
   right of a creditor to cause a sale by the trustee under a power of sale
   in the deed of trust being inapplicable in this situation.

APPEAL by defendants from *Seay, J.,* 16 February 1970
Session, DAVIDSON Superior Court.

Plaintiffs instituted this action to have a contract between
them and defendants declared null and void for fraud; and to
have a deed of trust executed by plaintiffs for benefit of
defendants declared void for forgery.

Plaintiffs alleged that they entered into a contract with
defendants for the installation of electric heat in their home, but
that their signatures were obtained by fraudulent representa-
tions. Plaintiffs also alleged that their names were forged as
signatures to a note for the amount of the contract, and to the
deed of trust on their residence property to secure payment of
the note.

Defendants answered alleging that plaintiffs signed the contract, the note, and the deed of trust; and denied fraud and forgery. By way of counterclaim for damages for breach of contract, defendants alleged they attempted to install the electric heat contracted for but that plaintiffs ordered them from the premises. Defendants asked that the deed of trust be declared a lien on plaintiffs' property to the extent of any damages recovered by defendants on their counterclaim.

The case was tried before McConnell, J., and a jury, at the 17 February 1969 Session, Davidson Superior Court, at which time issues were submitted to and answered by the jury as follows:

"1.   Was the contract between Claude K. Passmore and wife, Henrietta C. Passmore, and Weather Control Products entered into as a result of fraudulent representations on the part of defendants?

ANSWER: No.

"2.   If not, what amount of damages are the defendants entitled to recover of the plaintiffs, Claude K. Passmore and wife, Henrietta C. Passmore?

ANSWER: $183.00.

"3.   Did the plaintiffs, Claude K. Passmore and wife, Henrietta C. Passmore, sign a deed of trust dated May 17, 1967, as alleged in defendant's answer?

ANSWER: Yes."

Based upon the jury verdict judgment was entered decreeing that defendants recover from plaintiffs the sum of $183.00 and costs. The judgment contained an additional provision as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the deed of trust dated May 17, 1967, by Claude K. Passmore and wife Henrietta C. Passmore, and recorded in Book 426, page 211 of the Davidson County Registry, is a valid and subsisting lien against the property described therein in favor of the defendants to the extent of the judgment recovered herein in the amount of $183.00 plus interest and cost, and upon the payment of the sum of $183.00 plus interest thereon and cost, the Register of Deeds for Davidson County,

upon evidence of said sum of $183.00 being paid in full with interest is herein authorized and directed to cancel said deed of trust of record which is recorded in Book 426, page 211, in the Davidson County Registry."

On 29 September 1969, the judgment not having been paid by plaintiffs, the Trustee in the deed of trust commenced advertisement of a sale under the power of sale contained in said deed of trust, the sale to be held at noon on 5 November 1969.

On 31 October 1969, plaintiffs paid to the Clerk of Superior Court, Davidson County, the judgment in the sum of $183.00, plus interest and costs; and, upon evidence of this payment furnished by the clerk, the Register of Deeds noted a cancellation of the deed of trust. Between 31 October 1969 and 5 November 1969, there was some conversation between counsel for the parties relating to payment by plaintiffs of the additional sum of $63.00 to cover advertising expenses incurred by the Trustee in advertising the foreclosure sale.

On 5 November 1969, the additional sum of $63.00 not having been paid by plaintiffs, the Trustee conducted the foreclosure sale and filed his report with the clerk showing a sale of the property described in the deed of trust for the sum of $500.00. The filing of this report brought on an exchange of vituperative correspondence between counsel for the parties which detracted from the dignity of the profession and contributed nothing to a solution of their clients' problems. The correspondence was included in the record on appeal.

On 1 December 1969, no upset bid having been filed, the Trustee executed and delivered a Trustee's Deed for the property sold under foreclosure, and collected the bid price of $500.00 from the high bidder. This deed was recorded in the Davidson County Registry on 4 December 1969.

Also, on 4 December 1969, counsel for defendants filed a motion in the Superior Court, substantially setting out what had transpired of record since entry of the judgment during the 17 February 1969 Session, and asking the Court to order the cancellation of the deed of trust expunged from the record, and asking the Court to confirm the sale by the Trustee on 5 November 1969.

This motion, along with plaintiffs' answer thereto, was heard by Judge Seay at the 16 February 1970 Session. From

Judge Seay's Order denying defendants' motion, defendants appealed.

*William H. Steed, for plaintiffs-appellees.*

*Parker & Mozzoli, by Gerald C. Parker, for defendants' appellants.*

BROCK, J.

[1] It appears that Judge McConnell committed error when he included in the February 1969 judgment the additional provision quoted in the foregoing statement of facts. Clearly the deed of trust did not provide, nor was it intended to provide, that it was security for damages that might be recovered for breach of contract. Therefore, the only lien defendants could claim with the deed of trust arose by virtue of the additional provision of the judgment; clearly defendants could not claim a balance due on the note, the payment of which the deed of trust was given to secure. It follows then that defendants' only remedy was under the terms of the judgment; and, because the additional provision was entered at defendants' instance, they are in no position to complain.

[2] The additional provision refers only to $183.00 plus interest and costs; and provides that, upon payment of $183.00 plus interest and costs, the deed of trust shall be cancelled of record. The $183.00, plus interest and costs, was paid, and the deed of trust was cancelled as required by the judgment; if defendants have incurred additional expense, it comes from their own conduct. This is not a situation where there has been a default in payment by the debtor of the debt which the deed of trust was given to secure; therefore the laws generally governing the right of the creditor to cause a sale by the Trustee under a power of sale contained in a deed of trust have no application.

The order of Judge Seay denying defendants' motion to expunge from the record the cancellation of the deed of trust, and refusing to confirm the sale by the Trustee, is

Affirmed.

BRITT and HEDRICK, JJ., concur.